CRICHTON, J.,
additionally concurs and assigns reasons.
hi concur in the majority’s denial of this writ application, as I do not find the trial court abused its discretion in declining to grant expert status to a tendered “mitigation specialist or in limiting the testimony of said “specialist,” a self-described “experienced psycho-social investigator.” Specifically, La.Code Crim. Proc. art. 878.1 allows for, the introduction of “any.aggravating and mitigating evidence that is relevant, to the charged offense or the character of the offender. ...” (emphasis added). There is no statutory requirement that a “mitigation specialist” be allowed to testify as an expert or to render testimony with abandon as to hearsay and random opinions. Here, the trial court correctly allowed this witness to testify regarding her first-hand knowledge as to investigative actions taken by her that were related to the defendant. However, in my view, the trial court also correctly excluded the opinions of the “mitigation specialist” concerning the defendant’s alleged childhood trauma in his home and community (largely taken from documentation subpoenaed by defense counsel) and about her perceived notion as to the defendant’s capacity for rehabilitation.